Kristie L. Fischer
2565 Coral Sky Court,
Las Vegas, Nevada 89142
Telephone: (702) 218-0253
Email: fischer.kristie@gmail.com

Of Counsel to:
Credit Repair Lawyers of America
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840

*Attorneys for Plaintiff,*
*Griselda Rodriguez*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| Griselda Rodriguez,<br><br>Plaintiff,<br><br>vs.<br><br>Experian Information Solutions, Inc., an Ohio Corporation, and Synchrony Bank, a foreign corporation,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

NOW COMES THE PLAINTIFF, GRISELDA RODRIGUEZ, BY AND THROUGH COUNSEL, Kristie L. Fischer, Esq. and for her Complaint against the Defendants, pleads as follows:

**JURISDICTION**

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.
2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq*. [hereinafter "FCRA"]).

**VENUE**

3. The transactions and occurrences which give rise to this action occurred in the City of Las Vegas, Clark County, Nevada.
4. Venue is proper in the District of Nevada.

**PARTIES**

5. Plaintiff is a natural person residing in City of Las Vegas, Clark County, Nevada.
6. The Defendants to this lawsuit are:
   a. Experian Information Solutions, Inc., ("Experian") is an Ohio corporation that conducts business in the state of Nevada; and
   b. Synchrony Bank, ("Synchrony") is a foreign corporation that conducts business in the state of Nevada.

## GENERAL ALLEGATIONS

7. Synchrony is inaccurately reporting its tradeline ("Errant Tradeline") with an erroneous scheduled monthly payment amount of $59.00 on Plaintiff's Experian credit disclosure.

8. The account reflected by the Errant Tradeline is closed with $0.00 balance. Plaintiff no longer has an obligation to make monthly payments to Synchrony. This creditor has accelerated the balance due and hence Plaintiff no longer has the right nor obligation to satisfy this debt in installment payments.

9. The Errant Tradeline should be reported by Synchrony with a monthly payment of $0.00. Per credit reporting industry standard and the Credit Reporting Resource Guide, which is the credit reporting manual created by the three major credit bureaus, no furnisher may report a monthly payment on a closed account.

10. On April 27, 2020, Plaintiff obtained her Experian credit disclosure and noticed the Errant Tradeline inaccurately reporting with an erroneous monthly payment amount.

11. On or about June 16, 2020, Plaintiff submitted a letter to Experian, disputing the Errant Tradeline.

12. In her dispute letter, Plaintiff explained that she does not owe the recurring payment reflected by the Errant Tradeline. Plaintiff no longer has an obligation

to make monthly payments to Synchrony. Accordingly, Plaintiff asked Experian to report the Errant Tradeline with the monthly payment amount of $0.00.

13. Experian forwarded Plaintiff's consumer dispute to Synchrony.

14. Synchrony received Plaintiff's consumer dispute from Experian.

15. Experian and Synchrony did not consult the Credit Reporting Resource Guide as part of its investigation of Plaintiff's dispute.

16. Plaintiff had not received Experian's investigation results. Therefore, on July 23, 2020, Plaintiff obtained her Experian credit disclosure, which showed that Experian and Synchrony failed or refused to report the scheduled monthly payment as $0.00 on the Errant Tradeline.

17. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*., Plaintiff has suffered credit and emotional damages. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in her credit file or improve his financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## COUNT I

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY SYNCHRONY

18. Plaintiff realleges the above paragraphs as if recited verbatim.

19. After being informed by Experian of Plaintiff's consumer dispute of the scheduled monthly payment amount, Synchrony negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

20. Synchrony negligently failed to review all relevant information available to it and provided by Experian in conducting its reinvestigation as required by 15 USC 1681s-2(b) and failed to direct Experian to report the Errant Tradeline with a $0.00 monthly payment amount.

21. The Errant Tradeline is inaccurate and creates a misleading impression on Plaintiff's consumer credit file with Experian to which it is reporting such tradeline.

22. As a direct and proximate cause of Synchrony's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

23. Synchrony is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

24. Plaintiff has a private right of action to assert claims against Synchrony arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Synchrony for damages, costs, interest, and attorneys' fees.

**COUNT II**

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY SYNCHRONY**

25. Plaintiff realleges the above paragraphs as if recited verbatim.

26. After being informed by Experian that Plaintiff disputed the accuracy of the information it was providing, Synchrony willfully failed to conduct a proper reinvestigation of Plaintiff's dispute, and willfully failed to direct Experian to report the Errant Tradeline with a $0.00 monthly payment amount.

27. Synchrony willfully failed to review all relevant information available to it and provided by Experian as required by 15 USC 1681s-2(b).

28. As a direct and proximate cause of Synchrony's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

29. Synchrony is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and costs she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Synchrony for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

30. Plaintiff realleges the above paragraphs as if recited verbatim.

31. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

32. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

33. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

34. After receiving Plaintiff's consumer dispute to the Errant Tradeline, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

35. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

36. Experian is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Experian for actual damages, costs, interest, and attorneys' fees.

## COUNT IV

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

37. Plaintiff realleges the above paragraphs as if recited verbatim.

38. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

39. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

40. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

41. After receiving Plaintiff's consumer dispute to the Errant Tradeline, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

42. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

43. Experian is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Defendant Experian for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: October 30, 2020

By: ***/s/ Kristie L. Fischer***
Kristie L. Fischer, Esq.
2565 Coral Sky Court,
Las Vegas, Nevada 89142
Telephone: (702) 218-0253
Email: fischer.kristie@gmail.com
*Attorneys for Plaintiff,*
*Griselda Rodriguez*